Sheehan & Associates, P.C.

spencer@spencersheehan.com

60 Cuttermill Rd Ste 409, Great Neck NY 11021-3104

tel. 516.268.7080      fax 516.234.7800

December 16, 2020

District Judge Cathy Seibel
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Re:   7:20-cv-00894-CS
     Swantek et al. v. Moran Foods, LLC

Dear District Judge Seibel:

This office, with Reese LLP, represents the plaintiffs. On Wednesday, December 9, 2020, defendant filed a sur-reply or supplemental pleading, designated as a notice of supplemental authority. ECF No. 30.

Defendant asks this Court to rule as a matter of law that the "Vanilla" representation on its Vanilla Almondmilk is not deceptive because other district courts, considering other products and labeling reached that conclusion. *Cosgrove v. Blue Diamond Growers*, No. 19-cv-8993 (VM), 2020 U.S. Dist. LEXIS 229294 (S.D.N.Y. Dec. 7, 2020); *see also Steele v. Wegmans Food Markets, Inc.*, No. 19-cv-09227, 2020 WL 3975461 (S.D.N.Y. Jul. 14 2020) (dismissing case where product purportedly tasted like vanilla); *Pichardo v. Only What You Need, Inc.*, No. 20-cv-0493 (VEC), 2020 U.S. Dist. LEXIS 199791 (S.D.N.Y. Oct. 27, 2020) (beverage "does not mislead because reasonable consumers would expect a vanilla taste, and that is exactly what they get."); *Clark v. Westbrae Natural, Inc.*, No. 20-cv-3221 (JSC), 2020 U.S. Dist. LEXIS 224966 (N.D. Cal. Dec. 1, 2020) *but see Vizcarra v. Unilever United States, Inc.*, No. 4:20-cv-02777, 2020 WL 4016810, at *1 (N.D. Cal. July 16, 2020) and *Sharpe v. A & W Concentrate Company and Keurig Dr. Pepper Inc.*, __ F. Supp.3d __, No. 1:19-cv-00768 (BMC), 2020 WL 4931045 at *5 (E.D.N.Y. August 24, 2020).

Defendant encourages the Court to engage in "herding" and "informational cascades," which "occurs among agents when their decisions are decreasingly determined by their own information and increasingly determined by the actions of others."[1]

The recent district court decisions, "unlike the decisions of States' highest courts and federal courts of appeals, are not precedential in the technical sense: they have collateral estoppel,[1] res judicata,[2] and "law of the case"[3] effects, but create no rule of law binding on other courts." *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, No. 08-cv-1815 (2d Cir. Oct. 20, 2008) citing *Threadgill v. Armstrong World Indus., Inc.*, 928 F.2d 1366, 1371 & n.7 (3d Cir. 1991) ("it is clear that there is no such thing as 'the law of the district'…The doctrine of stare decisis does not compel one district court judge to follow the decision of another…Where a second judge believes that a different result may obtain, independent analysis is appropriate.") and *EEOC v. Pan Am. World Airways*, 576 F. Supp. 1530, 1535 (S.D.N.Y. 1984) (decision of one district court is not binding precedent upon another district court).

---

[1] Andrew F. Daughety and Jennifer F. Reinganum, "Stampede to judgement: Persuasive influence and herding behavior by courts." *American Law and Economics Review* 1.1 (1999): 158-189.

Defendant urges this Court to note a supposed "weight of authority" in granting dismissal, and "rely on [this Court's] understanding of a[n] [purported] emerging majority position as the primary or even sole reason to reach a particular conclusion."[2] However, following "non-binding authority for the sake of consensus alone…assumes that the prior decisions (whether individually or collectively) reflect superior information or knowledge" sufficient to override the Court's contrary inclinations."

Courts of Appeal have consistently stepped in where district court decisions have gone too far, noting that "What matters most is how real consumers understand and react to the advertising," and that "an accurate fine-print list of ingredients does not foreclose as a matter of law a claim that an ambiguous front label deceives reasonable consumers. Many reasonable consumers do not instinctively parse every front label or read every back label before placing groceries in their carts." *Bell v. Publix Super Markets, Inc.*, No. 19-2581, 2020 WL 7137786, at *1 (7th Cir. Dec. 7, 2020) (reversing district court's dismissal of multidistrict litigation claims that "100% Parmesan Cheese" was only "ambiguous," and consumers were obligated to inspect the ingredients to clarify any ambiguity); *Mantikas v. Kellogg Co.*, 910 F.3d 633, 637 (2d Cir. 2018) (reversing dismissal of "whole grain" front label claim, noting "We conclude that a reasonable consumer should not be expected to consult the Nutrition Facts panel [and ingredients list] on the side of the box to correct misleading information set forth in large bold type on the front of the box."); *Dumont v. Reilly Foods Co.*, 934 F.3d 35, 42 (1st Cir. 2019) (reversing district court and holding that in case involving a hazelnut creamer that "FDCA requirements effectively established custom and practice in the industry. Accordingly, it may be that a consumer's experience with that custom and practice primes her to infer from the absence of a flavoring disclosure that the product gets its characterizing nutty flavor from the real nut.").

In this instance, Defendant's Product states "Vanilla," which Plaintiff contends is false and misleading because it fails to disclose an excessive amount of vanillin – c. 146 ppm – vanilla's synthetic counterpart. Defendant's zeal may create the erroneous impression the allegations are "far-fetched," when they are not.

At the motion to dismiss stage, the Court should consider whether the complaint plausibly alleges that a reasonable consumer would ascribe "the meaning that plaintiffs allege they ascribed to it." *Fishon v. Peloton Interactive, Inc.*, No. 19-CV-11711 (LJL), 2020 WL 6564755, at *7 (S.D.N.Y. Nov. 9, 2020) quoting *Rivera v. Navient Solutions, LLC*, 2020 WL 4895698, at *6 (S.D.N.Y. Aug. 19, 2020).

Defendant insists that because its Product contains some vanilla and purports to taste like vanilla, its vanilla labeling is essentially puffery – an inexact description of what the Product would supposedly taste like.

However, Plaintiffs contend the vanilla labeling is a representation that most, if not all, of the flavoring would be from vanilla beans and the taste would be consistent with what they expect for similarly labeled vanilla products. FAC at ¶¶ 47-65 (absence of compounds found in vanilla results in dissimilar "vanilla taste"), 26-29 (listing compounds imparting "vanilla" taste in vanilla extract). This is because consumers are accustomed to products bearing such statements, i.e.,

---

[2] Maggie Gardner, Dangerous Citations (June 19, 2020). 95 N.Y.U. L. Rev. (2020 Forthcoming), SSRN.

"other natural flavors," and its absence denotes a food which gets its flavor solely or predominantly from the characterizing ingredient. FAC at ¶ 36 ("These qualifying and descriptive terms tell consumers that a food's characterizing flavor does not exclusively come from its characterizing food ingredient."). Yet vanillin is not synonymous with vanilla, and its presence is otherwise expected to be disclosed.

Because Defendant's representations are capable of two possible reasonable interpretations, the misleading one should not be rejected simply because there is an alternative, non-misleading interpretation. *Id.* citing *Kacocha v. Nestle Purina Petcare Co.*, 2016 WL 4367991, at *14 (S.D.N.Y. Aug. 12, 2016) ("[A]mple case law exists allowing § 349 claims over allegedly deceptively labeled consumer goods to progress beyond the motion-to-dismiss stage, largely based on the view that the question of what might deceive the reasonable consumer is a question of fact.").

Defendant's emphasis on "court-counting precedent" relies on the supposed "wisdom of crowds," whereby "the majority view of a group, whose members are each better than random at making decisions, becomes more and more certain to be correct as the number of group members increases."[3]However, this presumes each decision is *independent*, the opposite of what Defendant encourages here. "Court-counting" is no more likely to arrive at a "correct" answer than flipping a coin. The issues in this action, and those cited by Defendant, are not procedural, but on the beliefs and opinion of individual Judges, applying the reasonable consumer standard, to the facts.

This Court will decide whether the allegations in this action about this product are, or could be misleading, to reasonable consumers. There is no requirement, as Defendant implies, that "court-counting" be adopted to arrive at a conclusion. Thank you.

Respectfully submitted,
/s/Spencer Sheehan

---

[3] Brian Soucek and Remington B. Lamons. "Heightened Pleading Standards for Defendants: A Case Study of Court-Counting Precedent." Ala. L. Rev. 70 (2018): 875 (coining the term "court-counting" in a study of how courts apply *Twombly* and *Iqbal* to defendant's answers; discussion of Condorcet Jury Theorem).

Certificate of Service

I certify that on December 16, 2020, I served and/or transmitted the foregoing by the method below to the persons or entities indicated, at their last known address of record (blank where not applicable).

|  | CM/ECF | First-Class Mail | Email | Fax |
|---|---|---|---|---|
| Defendant's Counsel | ☒ | ☐ | ☐ | ☐ |
| Plaintiff's Counsel | ☒ | ☐ | ☐ | ☐ |
| Courtesy Copy to Court | ☐ | ☐ | ☐ | ☐ |

/s/ Spencer Sheehan